UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1473 CDP |
| | ) | |
| MH EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

James Matthew Freeman was a sales representative for MH Equipment Company and earned commissions based upon a percentage of gross profit on equipment sales. When Freeman's employment with MH Equipment ended on December 2, 2014, MH Equipment owed him commissions and other compensation. In this breach of contract action, Freeman seeks recovery of these monies. Freeman also seeks additional statutory damages as provided under the Missouri Commission Sales Act (MCSA), Mo. Rev. Stat. § 407.911, *et seq.*, given that MH Equipment continues to refuse to pay him his earned commissions.

Freeman filed this action in the Circuit Court of St. Louis County, Missouri, on August 12, 2015. On September 25, 2015, MH Equipment removed the action to this Court, invoking federal diversity jurisdiction. 28 U.S.C. § 1332. Freeman now moves to remand the matter back to state court, arguing that the amount in

controversy does not exceed $75,000 and thus does not meet the jurisdictional threshold for diversity jurisdiction. Because the face of Freeman's complaint shows that the amount in controversy is more than $75,000, I will deny the motion to remand.

## BACKGROUND

In his complaint, Freeman claims that he earned a commission of approximately $76,092 in relation to an equipment sale he arranged on behalf of MH Equipment in 2014. Freeman contends that, under his employment agreement with MH Equipment, his total compensation associated with this sale amounted to $101,876, which included his total commission, bonus, and incentive compensation. Of this amount, MH Equipment paid Freeman $77,622. Freeman claims that MH Equipment breached the employment agreement by failing to pay him the remainder of his earned compensation from this sale, and specifically, $24,254; and further, by failing to pay him approximately $1616 in commissions earned from other equipment sales. Accordingly, Freeman seeks $25,870 as actual damages from MH Equipment's breach of the employment agreement.

Freeman also seeks statutory damages under the MCSA inasmuch as MH Equipment has not yet paid the commissions he claims are due him. Under the MCSA, all commissions due to a sales representative whose employment with his principal has terminated shall be paid to the sales representative within thirty days of

his termination. Mo. Rev. Stat. § 407.912.3. As is relevant to this action,

> [a]ny principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment.

Mo. Rev. Stat. § 407.913. In his complaint, Freeman avers that he earned sales commissions at the pro rata monthly rate of $9275 for the year preceding his termination. Accordingly, in addition to his actual damages of unpaid commissions and other compensation, Freeman seeks additional statutory damages "in the amount of $9,275.00 per month from January 2015 until such time as all unpaid commissions are paid[.]" (State Petn., ECF #4 at p.5.)

Freeman filed this action in state court in August 2015.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it could have been brought in federal court originally. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). Here, MH Equipment removed the case on the basis of diversity jurisdiction, which exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  28 U.S.C. § 1332(a).  The parties do not dispute that there is complete diversity between the parties.[1]  The issue is whether the amount in controversy exceeds the $75,000 statutory requirement.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).  *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").  Accordingly, "when the amount in controversy claimed in the plaintiff's state court complaint exceeds $75,000, the complaint is generally determinative of the amount in controversy for purposes of federal jurisdiction upon removal."  14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3725.1 (4th ed. 2009).

A defendant seeking removal and opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  With regard to the requisite amount in controversy, the question is not whether the damages are in fact greater than $75,000, but whether a fact finder might legally conclude they are.  *James Neff*

---

[1] Freeman is a citizen of Missouri.  MH Equipment is a citizen of Illinois.

*Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). Where a review of the face of the complaint alone shows the amount in controversy to exceed $75,000, the defendant satisfies its burden of proving the jurisdictional amount by a preponderance of the evidence. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012). In such circumstances, the removing defendant need not provide additional evidence demonstrating the amount in controversy. *Ken Behlmann Auto. Servs., Inc. v. Reynolds & Reynolds Co.*, No. 4:12CV317 CDP, 2012 WL 2565027, at *3 (E.D. Mo. July 2, 2012). *Cf. Feller v. Hartford Life & Accident Ins. Co.*, 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010).

Here, the face of Freeman's state court complaint shows him to seek an amount in excess of $75,000. The complaint clearly states that Freeman seeks to recover commissions and other compensation totaling $25,870 and, further, that he seeks additional statutory damages equaling $9,275 per month since January 2015. When Freeman filed this action in August 2015, seven months had passed since January 2015. As such, the additional statutory damages sought by Freeman upon the filing of his complaint totaled $64,925. Combining Freeman's claimed actual and statutory damages, the total amount in controversy equals at least $90,795.

I disagree with Freeman's argument that his MCSA claim for statutory damages requires speculation and that therefore MH Equipment must provide additional evidence of the total amount in controversy. By including a sum certain

in his complaint regarding the pro rata monthly amount of his claimed commissions and a specific prayer that he recover this amount "per month from January 2015 until such time as all unpaid commissions are paid," coupled with his claim made in August 2015 that MH Equipment continued to refuse to pay his commissions, Freeman removed any speculation as to the amount of additional damages he seeks under the MCSA. Therefore, because the face of Freeman's complaint shows the amount in controversy to exceed $75,000, MH Equipment has satisfied its burden of proving the requisite jurisdictional amount by a preponderance of the evidence and need not provide additional evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff James Matthew Freeman's Motion for Remand [ECF #8] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2015.