UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1473 CDP |
| | ) | |
| MH EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

James Matthew Freeman was a sales representative for MH Equipment Company and earned commissions based upon a percentage of gross profit on equipment sales. When Freeman voluntarily resigned his employment with MH Equipment on December 2, 2014, MH Equipment owed him commissions and other compensation, which Freeman alleges continue to be due and owing to him. Because Missouri law permits the recovery of statutory damages in these circumstances, Freeman's claim under the Missouri Commission Sales Act (MCSA), Mo. Rev. Stat. §§ 407.911, *et seq.*, will be allowed to proceed, and MH Equipment's motion for partial summary judgment on this statutory claim will be denied.

### Discussion

The MCSA governs the obligation for and payment of sales commissions in

the State of Missouri, "focus[ing] on the timely payment of sales commissions earned by a sales representative under contract with a principal." *Lapponese v. Carts of Colo., Inc.*, 422 S.W.3d 396, 401 (Mo. Ct. App. 2013).

> When the contract between a sales representative and a principal is terminated, all commissions then due shall be paid within thirty days of such termination. Any and all commissions which become due after the date of such termination shall be paid within thirty days of becoming due.

Mo. Rev. Stat. § 407.912.3.

> Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment.

Mo. Rev. Stat. § 407.913.

In *McKay v. WilTel Commc'ns Sys., Inc.*, 87 F.3d 970 (8th Cir. 1996), the Eighth Circuit observed that the language of § 407.913 "appear[ed] designed to prevent loss of commissions because of discharge from employment" rather than from voluntarily resignation. *Id.* at 975. Because McKay was "paid . . . his contractual commission and he was never terminated," the Eighth Circuit determined that § 407.913 did not apply to his claim for statutory damages. *Id.* MH Equipment argues that *McKay* applies with equal force here given that Freeman voluntarily resigned his employment and was not discharged by MH Equipment. I

disagree.

At the time *McKay* was decided, no Missouri court had addressed the question of whether a sales representative could recover statutory damages under § 407.913 in circumstances where he voluntarily resigned rather than was terminated by discharge. In 2013, however, upon identifying the issue as one of first impression in the Missouri state courts, the Missouri Court of Appeals squarely answered this question in the affirmative:

> that the statutory damages made available by the legislature under Section 407.913 apply to any termination of the sales representative-principal relationship, and not only to involuntary terminations by the principal.

*Lapponese*, 422 S.W.3d at 404. In reaching this decision, the *Lapponese* court acknowledged the Eighth Circuit's contrary finding in *McKay* but "declined to follow its interpretation" of the Missouri statute given its limited analysis. *Id.* at 403. The *Lapponese* court explained:

> The *McKay* court appears to adopt what might be considered a layman's understanding of 'termination,' yet fails to engage in any substantive discussion to support its conclusion. Our review of the Eighth Circuit's opinion that 'termination' equals 'discharge' reveals no statutory construction, interpretation, analysis, or citation to case law. In fact, the Court's entire discussion of this particular point is limited to only two sentences.

*Id.* at 403-04. MH Equipment argues that, regardless of the Missouri Court of Appeals' intervening decision, I am nevertheless bound by the Eighth Circuit's state-law determination as declared in *McKay* unless and until the Missouri Supreme

Court renders a controlling decision on the issue. This is not an accurate statement of the law.

As a federal court sitting in Missouri, I am bound to apply Missouri state law as it is articulated by the Missouri Supreme Court. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940). *See also* 28 U.S.C. § 1652.

> [A]s was intimated in the *Erie Railroad* case, the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted.

*West*, 311 U.S. at 236 (citation omitted). However,

> [a] state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances, a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court[.] . . . State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and *however much the state rule may have departed from prior decisions of the federal courts.*

*Id.* at 236-37 (emphasis added). Indeed, "if the federal courts were free to choose their own rules of decision whenever the highest court of the state has not spoken," the potential exists for two divergent or conflicting systems of law to exist within the state – "one to be applied in the state courts, the other to be availed of in the federal courts, only in case of diversity of citizenship." *Id.* at 236. This is to be avoided.

*Id.*

Contrary to MH Equipment's argument, I may not ignore the Missouri Court of Appeals' decision in *Lapponese* merely because the Missouri Supreme Court has not yet spoken on the issue. Instead, I must consider *Lapponese* as "a datum for ascertaining state law" unless I am "convinced by other persuasive data" that the Missouri Supreme Court would decide the rule of law otherwise. *See West,* 311 U.S. at 237. Although opinions from intermediate state appellate courts are not binding on the federal court, "'they are persuasive authority, and we must follow them when they are the best evidence of what [state] law is.'" *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1066 (8th Cir. 2003) (quoting *Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1570 (8th Cir. 1991)) (alteration in *Holden Farms*). *See also First Tenn. Bank Nat'l Ass'n v. Pathfinder Expl., LLC*, 754 F.3d 489, 490-91 (8th Cir. 2014). A prior decision by the Eighth Circuit on an unsettled question of state law does not bar consideration of an intervening decision by an intermediate state appellate court. *See West*, 311 U.S. 237; *see also Holden Farms, Inc.*, 347 F.3d at 1066 (applying intervening decision from state intermediate court of appeals rather than Eighth Circuit precedent that conflicted with it).

In reaching its decision that § 407.913 applies to *any* termination of the sales representative-principal relationship and not just involuntary terminations, the *Lapponese* court engaged in a thorough and exhaustive analysis of legislative intent,

invoking well-established principles of statutory construction and evaluating the language of § 407.913 in the context of the Missouri Commission Sales Act as a whole. 422 S.W.3d at 401-04. I can find no other state or federal decision that engages in such an in-depth analysis of this statutory issue, and MH Equipment cites to none. Nor has MH Equipment presented any data suggesting that the Missouri Supreme Court would disagree with the *Lapponese* holding or its reasoning. Therefore, to the extent that *McKay* and *Lapponese* disagree, I am persuaded that *Lapponese* constitutes the best evidence of what Missouri law is on the issue of whether a sales representative's voluntary resignation bars a claim for statutory damages under § 407.913. Following this authority, then, I find that Freeman may recover statutory damages under § 407.913 for MH Equipment's alleged failure to timely pay his earned commissions after he resigned.

Accordingly,

**IT IS HEREBY ORDERED** that MH Equipment Company's Motion for Partial Summary Judgment [22] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2016.