UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES MATTHEW FREEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15 CV 1473 CDP |
| MH EQUIPMENT COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action came before the Court on plaintiff James Matthew Freeman's claim of breach of contract for defendant MH Equipment Company's failure to pay him commissions that it owed him under a commission agreement. The matter was tried to a jury, who returned a verdict in Freeman's favor and awarded him $25,368. The jury also returned a verdict in Freeman's favor on MH Equipment's counterclaim for unjust enrichment. MH Equipment has renewed its motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), claiming that it is entitled to judgment as a matter of law on its affirmative defense of accord and satisfaction as well as on its counterclaim. I will deny the motion.

### Judgment as a Matter of Law

I denied MH Equipment's motions for judgment as a matter of law at the close of Freeman's case, and again at the close of all the evidence. Fed. R. Civ. P. 50(a).

In its renewed motion for judgment as a matter of law, MH Equipment contends that it is entitled to judgment on its affirmative defense of accord and satisfaction because Freeman failed to present any evidence contrary to MH Equipment's proof that satisfied all elements of the defense. Because of its undisputed proof of accord and satisfaction, MH Equipment argues that Freeman was precluded from proceeding on his breach of contract claim and, further, that it necessarily follows that Freeman was unjustly enriched by his retention of a later-made payment by MH Equipment. MH Equipment thus claims that it is entitled to judgment as a matter of law on its affirmative defense, which then leads to judgment as a matter of law on its counterclaim of unjust enrichment.

A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Prods. Liab. Litig.,* 586 F.3d 547, 571 (8th Cir. 2009). When deciding a Rule 50 motion, I must construe the evidence most favorably to the prevailing party and draw all inferences in his favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Western Am., Inc. v. Aetna Cas. and Sur. Co.,* 915 F.2d 1181, 1183 (8th Cir. 1990). I may not make credibility determinations or weigh the evidence. *In re Prempro,* 586 F.3d at 572 (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)). Under these standards, MH Equipment's motion must be denied.

Freeman presented sufficient evidence during the trial to counter MH Equipment's affirmative defense and to support the jury verdict. The evidence, in its totality and after review, supports the jury's conclusion that MH Equipment breached its contract with Freeman, that the breach damaged Freeman, and that Freeman was entitled to recover for this breach given that, while he accepted the $48,712 payment from MH Equipment, he did not accept it knowing it was full satisfaction of MH Equipment's obligation under the commission agreement. With respect to this defense of accord and satisfaction, the jury was presented with exhibits and conflicting witness testimony about what Freeman understood the $48,712 paid by MH Equipment to be, whether he considered it to fully satisfy the amount of commission he was owed under the agreement, and whether he knew at the time of payment that it constituted full satisfaction of this obligation. Because reasonable persons could differ as to the conclusions to be drawn from the evidence, I must deny the motion.

Finally, I previously denied MH Equipment's motion for summary judgment on this issue, as well as its motions for judgment as a matter of law at trial. Nothing presented by MH Equipment in its present motion changes my previous conclusion or serves as a basis for disturbing the jury's verdict.

For these reasons, the renewed motion for judgment as a matter of law will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant MH Equipment Company's Renewed Motion for Judgment as a Matter of Law [89] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2016.