UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 1473 CDP |
| | ) | |
| MH EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This action in diversity came before the Court on plaintiff James Matthew Freeman's claim that defendant MH Equipment Company breached its employment contract by failing to pay him commissions that it owed him under a commission agreement. The matter was tried to a jury, which returned a verdict in Freeman's favor on September 23, 2016, and awarded $25,368 in actual damages but declined to award any requested statutory damages. Freeman now moves for an award of attorney's fees and costs under Mo. Rev. Stat. § 407.913. Because Freeman is a prevailing party, I will award attorney's fees, but will reduce the amount requested given his limited success. I will also reduce the amount requested for costs.

## Statutory Authority

Under "the bedrock principle known as the American Rule," each litigant pays his own attorney's fees unless a statute or contract provides otherwise. *Baker*

*Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (internal citation and quotation marks omitted). The Missouri statute under which Freeman brought this action provides the authority for fee-shifting in the circumstances of this case:

> Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative in a civil action for the actual damages sustained by the sales representative and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. *In addition the court may award reasonable attorney's fees and costs to the prevailing party.*

Mo. Rev. Stat. § 407.913 (emphasis added).

As stated above, Freeman recovered actual damages for unpaid commissions. He is therefore a prevailing party under the statute and may be awarded reasonable attorney's fees and costs. His failure to recover "an additional amount" under the statute does not strip him of his status as a prevailing party. *Cf. Trim Fit, LLC v. Dickey*, 607 F.3d 528, 533 (8th Cir. 2010).

## Attorney's Fees

To determine the amount of a reasonable attorney's fee, I employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010). Once I determine that amount, I consider a number of other factors to

determine whether to adjust the fee upward or downward.[1] *Hensley*, 461 U.S. at 434; *see also City of Riverside v. Riveria,* 477 U.S. 561, 568 n. 3 (1986).

In this case, Freeman's attorney, Richard F. Huck III, seeks compensation for a total of 377.6 hours of work at a rate of either $300 or $350 per hour. He was the only attorney who worked on Freeman's case. With the lodestar calculations, Huck's requested fee award would total $113,280 at the $300/hour rate or $132,160 at the $350/hour rate. MH Equipment objects to the hourly rate and the time expended, and argues that, regardless, the amount of the award should be reduced given Freeman's limited recovery.

A. <u>Hourly Rate</u>

Huck is a partner at his law firm, and the hourly rate(s) he seeks in his application for fees are the rates he charges as a partner, depending on the complexity of the case. MH Equipment does not argue that Huck's charged fee of $300 or $350 is itself unreasonable. Instead, it argues that Huck should not be awarded a partner-level fee for work that an associate could have performed at a

---

[1] The factors, known as the *Johnson* factors based on *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir.1974), are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *See Hensley*, 461 U.S. at 429-30 n.3.

lesser rate. For the following reasons, I find Huck's proffered rate of $300 per hour to be reasonable for the work performed.

Huck began his relationship with Freeman in November 2014 and agreed to bill him an hourly rate of $300 for work on the case. After the course of this action caused Huck to expend more time than originally anticipated, which made the original fee agreement unworkable, Huck and Freeman agreed that Huck would seek attorney's fees from MH Equipment under the Missouri statute rather than from Freeman through client billing. Given that $300/hour is the rate Huck originally charged to what was then a fee-paying client, I find it to be a reasonable rate in this fee-shifting circumstance. In addition, this lesser rate adequately accounts for the limited amount of what MH Equipment describes as associate-level work that Huck performed during the course of this action, although I agree with Huck's representation that it was likely more efficient – and thus more economically feasible – for an attorney of his experience to perform all of the work on this case given the unique nature of some of the legal issues addressed.

B.  <u>Time Expended</u>

In his original application for fees, Huck seeks to recover fees for 322.2 hours of work expended from November 2014 through September 30, 2016. In his supplemental application, Huck seeks fees for 55.4 hours of work expended after September 30, 2016, and through November 28, 2016, the date of his last filing in

the case. While MH Equipment does not challenge the hours claimed by Huck during the initial prosecution of this case, it does challenge the reasonableness of the hours claimed post-trial. MH Equipment specifically argues that much of this time claimed by Huck was needlessly expended because of his own improper and untimely filing of his initial motion for fees.

The timeliness of Huck's initial application for attorney's fees was itself litigated by way of MH Equipment's motion to strike the application. Huck argues that he should not be penalized for defending against the motion to strike, especially since he was successful in his effort. I agree. While MH Equipment may disagree with my decision not to consider the initial application for fees untimely (*see* Order, ECF #100), I will not relitigate this decision under the guise of determining a reasonable attorney's fee.

Nevertheless, I have reviewed both fee applications and agree with MH Equipment that the hours expended for post-trial work are excessive, particularly with respect to seeking the fee award itself. According to the time records, Huck spent 33.2 hours preparing his original application for fees. While time spent preparing fee applications is generally compensable, *El-Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010), the time spent here was excessive, especially since much of the information contained in the original application and affidavit did not involve or require investigation or research into novel legal issues. I will reduce this time by

half – 16.6 hours.

I reject MH Equipment's argument that the fee award should be reduced further because of "block billing." I have reviewed the time records and find them to sufficiently describe the nature of the work performed by Huck and the specific amount of time spent on discrete tasks associated with this litigation. I cannot say that Huck's records are so inadequate that a reduced fee is warranted on that basis. *H.J. Inc. v. Flygt Corp.,* 925 F.2d 257, 260 (8th Cir. 1991).

C.  Lodestar

The rate of $300 per hour multiplied by 361 hours of attorney time yields a lodestar figure $108,300 for Huck's work on this case.

D.  Limited Success

Where a plaintiff has achieved only limited success, I should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 440. I may do this by reducing the lodestar amount to account for the limited success. *Id.* at 436-37; *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). With Freeman's limited success, a reduction in the claimed fee award is warranted.

Freeman initially filed this action in state court, seeking $25,870 in actual damages for unpaid commissions, and an additional amount under Mo. Rev. Stat. § 407.913 given that MH Equipment had not yet paid the commissions. For this

additional amount, Freeman specifically sought $9275 per month from January 2015 until such time as all unpaid commissions were paid. When Freeman filed this action in August 2015, these additional statutory damages totaled $64,925. When combined with Freeman's claimed actual damages, the amount in controversy exceeded the jurisdictional amount necessary for federal diversity jurisdiction, which provided the basis for MH Equipment's successful removal of the action to this Court. Without Freeman's claimed additional amount in statutory damages, subject matter jurisdiction in this Court would be lacking.

Based on the specific relief sought in Freeman's complaint, that is, that he was entitled to recover $9275 per month until payment, Freeman could have been awarded $185,500 in statutory damages when the jury returned its verdict in September 2016.[2] The jury, however, awarded none. While Freeman concedes that this resulted in a limited recovery, he argues that the paternalistic nature of Chapter 407 of the Missouri statutes requires a full fee award in order to deter prohibited conduct and to protect Missouri citizens. I find the availability of attorney's fees under various provisions of Chapter 407, however, to itself reflect the paternalistic nature of the chapter and provide the protection Freeman argues for here. In addition, the language of § 407.913 – the statute invoked in this action –

---

[2] Freeman strayed from this prayer in his closing argument to the jury and instead requested statutory damages totaling either $44,000 or $124,000. He asked the jury to use its judgment in determining which amount was appropriate.

- 7 -

provides that "the court *may* award *reasonable* attorney's fees and costs," which underscores the discretionary role of the Court in determining whether to award fees and in what amount. Accordingly, I do not find the paternalistic nature of Chapter 407 to prohibit a reduction in an attorney's fee award.

As determined above, the lodestar amount of attorney's fees in this case is $108,300. Given Freeman's limited success on his claims asserted in this litigation, I will reduce the lodestar amount by twenty percent (20%) and award an attorney's fee of $86,640.

**Costs**

Freeman also seeks to recover $620.99 in costs and has submitted a bill that itemizes costs for filing fees, witness and mileage fees, computer-assisted legal research (CALR), photocopying, service, and his own deposition. This itemized bill, however, totals $1214.39. (*See* ECF #88-2 at pp. 13-14.) Freeman does not explain the discrepancy between the bill and his requested costs, either in his motion or in counsel's affidavit in support.

The itemized bill includes $640 in CALR fees, which I must disallow. *See Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). It also includes costs for unspecified photocopying and mileage fees, which are likewise disallowed given their unspecified nature; and costs for "service," which are disallowed unless such service was effected by the United States Marshals. *See*

*Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878CAS, 2008 WL 1805639, at *10-11 (E.D. Mo. Apr. 21, 2008). Further, the bill shows $19.98 in "paid" costs and an interest charge of $12.60.

Given the discrepancy between the costs sought and the costs billed, the extensive nature of disallowed costs, and the generally inadequate documentation as to the specific nature of the costs incurred and those already paid, I would have to speculate as to which costs Freeman actually seeks to recover and to what extent they would be allowed in the circumstances of this case. I therefore cannot evaluate the reasonableness of many of Freeman's costs incurred in this action. However, because the filing fee ($141.24) and Freeman's deposition ($154.35)[3] are recoverable, I will order MH Equipment to pay these costs. *See* 28 U.S.C. § 1920(1); *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1088 (E.D. Mo. 2014).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff James Matthew Freeman's Motion for Attorney's Fees and Costs [87] and Supplemental Motion for Attorney's Fees and Costs [101] are granted in part and denied in part.

**IT IS FURTHER ORDERED** that, under Mo. Rev. Stat. § 407.913, plaintiff James Matthew Freeman shall recover from defendant MH Equipment Company attorney's fees totaling Eighty-Six Thousand, Six Hundred Forty and 00/100 Dollars

---

[3] Freeman's deposition was used in the case as an exhibit to MH Equipment's motion for summary judgment and was cited by Freeman in his response.

($86,640.00); and costs totaling Two Hundred Ninety-Five and 59/100 Dollars ($295.59).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2017.